FILED
2017 Apr-07  AM 09:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **EUGENE BAIRD and RHINO PRODUCTS, INC.,** | }<br>}<br>} |
| Plaintiffs, | }<br>} |
| v. | }    Case No.: 2:16-cv-1977-MHH<br>} |
| **PPG INDUSTRIES, INC., et al.,** | }<br>} |
| Defendants. | } |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion to remand filed by the plaintiffs, Eugene Baird and Rhino Products, Inc. (Doc. 3). For the reasons discussed below, the Court grants the motion.

### I.   PROCEDURAL HISTORY

The plaintiffs instituted this action in the Circuit Court of Jefferson County, Alabama on May 4, 2015. (Doc. 1-1, pp. 4–18). In their original complaint, the plaintiffs asserted federal claims under RICO and the Sherman Act, state-law antitrust claims under Alabama Code §§ 6-5-60 and 8-10-1, and state-law claims of civil conspiracy and tortious interference with business relations. (Doc. 1-1, pp. 11–16). The defendants, PPG Industries, Inc., PPG Architectural Finishes, Inc., Chris Sides, and Dave Hina, removed the case to this Court on June 5, 2015 on the basis of federal question jurisdiction. (Doc. 1-1, p. 24; Doc. 1, Case No. 2:15-cv-00951-MHH); *see*

*also* 28 U.S.C. §§ 1331, 1441(a). The plaintiffs filed a 9-count amended complaint in this Court on July 3, 2015. (Doc. 6, Case No. 2:15-cv-00951-MHH).

The defendants moved to dismiss the plaintiffs' amended complaint pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6). (Docs. 10, 19, Case No. 2:15-cv-00951-MHH). On July 29, 2016, the Court dismissed with prejudice the plaintiffs' claims under RICO and the Sherman Act (counts V–IX) and remanded the plaintiffs' claims for civil conspiracy and intentional interference with business relations (counts II and III) to state court. (Doc. 27, Case No. 2:15-cv-00951-MHH). The Court did not remand the plaintiffs' state-law antitrust claims (counts I and IV) because the plaintiffs voluntarily dismissed those claims. (*See* Doc. 3-1, pp. 3, 5; Doc. 27, p. 1, Case No. 2:15-cv-00951-MHH).

In state court, the defendants moved to dismiss the plaintiffs' claims for civil conspiracy and intentional interference with business relations. (Doc. 1-2, pp. 2–13). The state court denied the defendants' motion to dismiss. (Doc. 3-1, p. 7). Regarding the plaintiffs' state-law antitrust claims, the state court found that because the plaintiffs had voluntarily dismissed those claims in federal court, the claims were not before the state court on remand. (Doc. 3-1, p. 5). The state court explained that because the plaintiffs' voluntary dismissal of the state-law antitrust claims was without prejudice, the plaintiffs were free to refile the claims. (Doc. 3-1, p. 5).

On November 22, 2016, the plaintiffs filed a second amended complaint in state court. (Doc. 1-2, pp. 70–82). In the second amended complaint, the plaintiffs

maintain their claims for civil conspiracy and intentional interference with business relations and re-assert their state-law antitrust claims under Alabama Code §§ 6-5-60 and 8-10-1. (Doc. 1-2, pp. 78–82). The defendants removed the case to this Court on December 9, 2016, again citing 28 U.S.C. § 1331 as the basis for removal. (Doc. 1, p. 3). On January 27, 2017, the plaintiffs filed the motion to remand currently before the Court. (Doc. 3).

## II. DISCUSSION

The defendants argue that the plaintiffs' second amended complaint alleges violations of federal antitrust law and "raise[s] substantial issues of federal law because federal law governs Alabama antitrust actions." (Doc. 1, pp. 3–4; Doc. 5, p. 4). Therefore, according to the defendants, this case arises under federal law within the meaning of 28 U.S.C. § 1331 and is properly removable under 28 U.S.C. § 1441(a). (Doc. 1, pp. 2–4). The plaintiffs argue that the Court should remand this action to state court (1) because the plaintiffs do not affirmatively allege a federal claim in their second amended complaint, but instead only "make brief factual references to the Sherman Act," and (2) because federal antitrust law does not wholly displace Alabama antitrust law but merely provides the framework for courts to use when analyzing Alabama antitrust claims. (*See* Doc. 3, pp. 5–8).

"[R]emoval statutes are construed narrowly[, and] where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Williams v. AFC Enters., Inc.*, 389 F.3d 1185, 1189 (11th Cir. 2004) (citation and

internal quotation marks omitted). Generally, "absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). As an exception to this rule, "a state claim may be removed to federal court . . . when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Id.* at 8. The United States Supreme Court explained in *Beneficial*: "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.* Such a claim, according to the Supreme Court, is therefore removable under 28 U.S.C. § 1441. *Id.*

The defendants do not argue that federal jurisdiction exists because federal antitrust law completely preempts Alabama antitrust law. In fact, the defendants assert that "this is not an issue of federal preemption[.]" (Doc. 5, p. 4). The Court agrees. *See California v. ARC Am. Corp.*, 490 U.S. 93, 102 (1989) ("Congress intended the federal antitrust laws to supplement, not displace, state antitrust remedies . . . [a]nd on several prior occasions, the Court has recognized that the federal antitrust laws do not pre-empt state law.") (citations omitted). Thus, removal is appropriate under 28 U.S.C. § 1331 only if the plaintiffs' second amended complaint affirmatively alleges a federal claim. *Beneficial*, 539 U.S. at 6. It does not.

In their second amended complaint, the plaintiffs allege that they routinely received from PPG products that were shipped via interstate and intrastate commerce

and that they routinely transacted business with businesses and individuals located in states such as Alabama, Florida, Mississippi, Georgia, and Kentucky. (Doc. 1-2, p. 72, ¶¶ 14–21). The plaintiffs also state in the factual allegations section of the second amended complaint that the defendants' conduct "violates Sections 1 and 2 of the Sherman Act . . . ." (Doc. 1-2, p. 78, ¶¶ 50–51). The plaintiffs do not discuss the Sherman Act, or any other federal law, elsewhere in the pleading. Instead, the plaintiffs assert four claims under Alabama law: creation of an unlawful trust, combine, or monopoly in violation of Alabama Code § 6-5-60; civil conspiracy; intentional interference with business relations; and price fixing or limiting the quantity of a commodity in violation of Alabama Code § 8-10-1. (Doc. 1-2, pp. 78–82). The plaintiffs explicitly state that all four claims "are state law claims." (Doc. 1-2, p. 71, ¶ 8).

The defendants contend that the plaintiffs' references to the Sherman Act in paragraphs 50 and 51 "appear to state a cause of action for a violation of the Sherman Act even though it is not asserted as a separate count" and that the plaintiffs' allegations regarding interstate commerce "give[] rise only to a federal antitrust claim, not a state law claim" because Alabama's antitrust laws regulate only activity that occurs within the geographical boundaries of Alabama. (Doc. 5, pp. 2, 4). The Court is not persuaded by the defendants' arguments.

A suit arises under federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *See Beneficial*, 539 U.S. at

6. The plaintiffs' second amended complaint shows that the plaintiffs' claims are based on Alabama common law and Alabama Code §§ 6-5-60 and 8-10-1, not federal law. (*See* Doc. 1-2, pp. 71, 78–82). Sections 6-5-60 and 8-10-1"reach transactions within this state, in the geographic sense, even though such transactions may affect interstate commerce[.]" *See Griffiths v. Blue Cross and Blue Shield of Ala.*, 147 F. Supp. 2d 1203, 1220 (N.D. Ala. 2001) (citations and internal quotation marks omitted). Thus, the plaintiffs' references to interstate commerce do not prohibit the plaintiffs from asserting a claim under Alabama antitrust law.[1] Likewise, the plaintiffs' statements regarding the Sherman Act are consistent with the plaintiffs' assertion that the second amended complaint contains only state law claims because "the federal law relating to monopolization governs Alabama antitrust actions." *Id.* at 1218; (*see* Doc. 1-2, p. 71, ¶ 8).

The plaintiffs' second amended complaint contains allegations related to conduct that is regulated by Alabama antitrust law, and the plaintiffs specifically state in the second amended complaint that they are not asserting any federal claims. (*See* Doc. 1-2, p. 71, ¶ 8). Therefore, the defendants have not met their burden to show that the second amended complaint presents a federal question. *See Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n. 5 (11th Cir. 2001) ("[I]n removal cases,

---

[1] The Court expresses no opinion about the viability of the plaintiffs' state-law antitrust claims. The Court only notes that the plaintiffs' allegations regarding interstate commerce do not give rise to a federal claim for purposes of the remand analysis in this case.

the burden is on the party who sought removal to demonstrate that federal jurisdiction exists.").[2]

## III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the plaintiffs' motion to remand (Doc. 3) and **REMANDS** this action to the Circuit Court of Jefferson County, Alabama.

**DONE** and **ORDERED** this April 7, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[2] Furthermore, even if the Court were to find that the plaintiffs' second amended complaint asserts claims under the Sherman Act, the Court would not exercise jurisdiction over those claims because the Court dismissed those claims with prejudice on July 29, 2016. (Doc. 27, Case No. 2:15-cv-00951-MHH). Instead, the Court would strike the federal claims from the second amended complaint and remand the action to state court.